UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JERELD CAMMACK                                    CIVIL ACTION

VERSUS                                            NUMBER: 18-3614

LOUISIANA DEPARTMENT OF HEALTH, ET AL.            SECTION: "F"(5)

**ORDER AND REASONS**

Before the Court is "Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)" filed by Defendants, Bruce Boyea, DeAnn Gruber and Beth Scalco. (Rec. doc. 17). The motion is opposed by Plaintiff, Jereld Cammack. (Rec. doc. 23). The Court held oral argument on the motion (rec. doc. 27) and, after due consideration of the pleadings, the law and the argument of counsel, rules as follows.

I.  **Procedural Background**

Plaintiff is an HIV-positive, gay man who was formerly employed by the Louisiana Department of Health ("LDH"). He initiated this action by filing a "Petition for Damages" on April 5, 2018. (Rec doc. 1). In that "Petition,"[1] Plaintiff sued LDH for damages (both compensatory and punitive), injunctive relief and attorneys' fees under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*; and Louisiana state law. (*Id.*).

Under the ADA, Plaintiff claimed that LDH discriminated against him because of his HIV-positive status. (*Id.*). Under Title VII, Plaintiff claimed LDH discriminated against him based on his sexual orientation and retaliated against him when he complained to human

---

[1] The initial pleading should have been denominated a "complaint" pursuant to Federal Rule of Civil Procedure 3.

resources that his manager openly berated him and negatively implicated his sexual orientation. (*Id.*). He also made a claim for violation of the Louisiana Employment Discrimination Law, La. Rev. Stat. 23:301 *et seq.*, alleging that he was terminated due to his HIV-positive status. (*Id.*).

On May 16, 2018, the State filed a motion to dismiss Plaintiff's claims, arguing that, because the LDH is, as a state agency, the "alter ego" of the State of Louisiana, it was immune to Plaintiff's ADA claim under the Eleventh Amendment to the United States Constitution. (Rec. doc. 4). The State also argued that any claims brought under state law are also barred under the Eleventh Amendment. (*Id.*). Finally, the State argued that the Plaintiff failed to state a cause of action under Title VII because, under longstanding Fifth Circuit precedent, "sexual orientation is not a protected characteristic as defined by Title VII." (*Id.*).

In response to Defendant's motion to dismiss, Plaintiff filed his first amended "Petition," making a number of notable changes to his case. He named the current individual Defendants for the first time while simultaneously <u>removing</u> as a Defendant the LDH – the state agency that actually employed him. (Rec. doc. 8). Plaintiff also removed all claims for damages along with his state-law claims, praying only for injunctive relief and attorneys' fees and costs, and praying for a jury trial. (*Id.*). Shortly thereafter, the parties consented to have the case tried before the undersigned pursuant to 28 U.S.C. § 636(c). (Rec. doc. 21).

The parties appeared before this Court for oral argument on the then-pending motion to dismiss. (Rec. doc. 12). At the hearing, the Court dismissed the motion as moot, having been brought by an entity – the State Department of Health – that was no longer a party to the case. (*Id.*). Shortly thereafter, Plaintiff filed yet another amended complaint, excising his

ADA claim and proceeding solely under Title VII for injunctive relief against the individual Defendants. (Rec. doc. 13). The pending motion seeks dismissal of that claim.

## II. The Parties' Positions

The Defendants make numerous arguments as to why the second amended complaint should be dismissed in its entirety. First, Defendants argue that Plaintiff fails to state a claim under Title VII because binding Fifth Circuit precedent holds that homosexuality is not a protected class under Title VII. Similarly, they argue that Plaintiff fails to state a cause of action for retaliation under Title VII because, even if he reported to human resources that his supervisor mistreated him because of his sexual orientation, that is not considered a protected activity in the Fifth Circuit.

Defendants also argue that Plaintiff's complaint should be dismissed because, with the removal of his former employer, the LDH, as a party, Plaintiff cannot maintain a Title VII case against the individual Defendants. They argue that the individual Defendants can only be held liable under Title VII in their official capacities under a theory of respondeat superior. Because they were not sued in such a capacity and because the principal – LDH – is not a party, they cannot be liable for Plaintiff's claims.

Defendants go on to argue that any Title VII claims against the individual Defendants have prescribed because Cammack failed to bring a charge of discrimination within 300 days from his termination. Indeed, Plaintiff never brought a claim of discrimination against these Defendants with the EEOC, although he did bring one against his employer, the LDH. Defendants maintain that even if _that_ EEOC charge was sufficient to put them on notice personally, because _they_ were not sued personally within 90 days of the issuance of a right-

3

to-sue letter issued by EEOC and because LDH is no longer a party, the complaint against them cannot relate back and is prescribed.

Finally, Defendants insist that, because they were never made part of or party to any charge of discrimination brought with the EEOC, Plaintiff failed to exhaust his administrative remedies against them, meriting dismissal of his claims.

### III. Law and Analysis

As noted above, the sole remaining claims in Cammack's case seek injunctive relief against three individual employees under Title VII for discrimination and retaliation.

As for Cammack's discrimination claim, Title VII makes it illegal "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To prove his Title VII retaliation claim in the Fifth Circuit, Cammack must establish: (1) he engaged in activity protected by Title VII; (2) his employer took adverse employment action against him; and (3) a causal connection exists between that protected activity and the adverse employment action. *Equal Employment Opportunity Commission v. EmCare, Inc.*, 857 F.3d 678, 683 (5th Cir. 2017).

At the core of each of Cammack's claims is the notion that he was terminated and retaliated against based upon his sexual orientation. The central question as to both claims then is whether the Fifth Circuit recognizes a claim for sexual-orientation discrimination under Title VII. If not, Cammack cannot satisfy the requirement of demonstrating he was discriminated against "because of [his] sex. . . ." and he cannot be said to have engaged in a "protected activity" by complaining about sexual-orientation discrimination to his employer.

4

Whether sexual-orientation discrimination is actionable under Title VII has been a matter of vigorous debate and commentary in recent months and, in fact, has become an issue upon which there is now a circuit split. *Compare Zarda v. Altitude Express, Inc.*, 883 F.3d 100 (2nd Cir. 2018), (*pet. for cert. filed* (No. 17-1623) May 29, 2018), *and Hively v. Ivy Tech. Cmty. College Of Ind.*, 853 F.3d 339, 358 (7th Cir. 2017) *with Brandon v. Sage Corp.*, 808 F.3d 266, 270 n.2 (5th Cir. 2015) *and Rene v. MGM Grand Hotel, Inc.,* 305 F.3d 1061, 1063-64 (9th Cir. 2002), *cert. denied*, 538 U.S. 922, 123 S.Ct. 1573 (2003). As recently as 2015, the Fifth Circuit reaffirmed its longstanding view that "Title VII in plain terms does not cover 'sexual orientation.'" *Brandon*, 808 F.3d at 270 n.2 (5th Cir. 2015); *see also Blum v. Gulf Oil Corp.*, 597 F.2d 936, 938 (5th Cir. 1979)("[d]ischarge for homosexuality is not prohibited by Title VII …").

Normally, the Fifth Circuit's most recent proclamation on the issue would be dispositive of the issue before this Court and would lead the Court to grant Defendants' motion to dismiss on the grounds that Cammack's claims are not cognizable in this Circuit, based as they are on a theory of sexual-orientation discrimination. However, it has come to the Court's attention that a recent District Court decision in Texas takes a different view on the issue and, as a result, the central question before this Court is now before the Fifth Circuit for review in that Texas case.

In *Wittmer v. Phillips 66 Company*, 304 F.Supp. 3d 627 (S.D. Tx. 2018), Chief District Judge Rosenthal wrote:

> Actionable sex discrimination under Title VII includes discrimination against those who do not conform to sex or gender stereotypes. *See Price Waterhouse v. Hopkins*, 490 U.S. 228, 250–51, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989). "Numerous courts, including ours, have recognized that a plaintiff can satisfy Title VII's because-of-sex requirement with

5

> evidence of a plaintiff's perceived failure to conform to traditional gender stereotypes." *EEOC v. Boh Bros. Const. Co., L.L.C.*, 731 F.3d 444, 454 (5th Cir. 2013); *see also Lewis v. Heartland Inns of Am., L.L.C.*, 591 F.3d 1033, 1042 (8th Cir. 2010) (discrimination against women who do not wear dresses or make-up precludes summary judgment for the defendant).
>
> *Id.* at 633.

Observing that "[w]ithin the last year, several circuits have expanded Title VII protection to include discrimination based on transgender status and sexual orientation," Chief Judge Rosenthal went on to discuss in some detail the recent decisions in *Zarda* and *Hively*, cited *supra*. *Id.* Based on his analysis of those cases, Chief Judge Rosenthal found:

> Although the Fifth Circuit has not yet addressed the issue, these very recent circuit cases are persuasive. They consistently recognize transgender status <u>and orientation</u> as protected classes under Title VII, applying the long-recognized protections against gender—or sex-based stereotyping. Applying these recent cases, the court assumes that Wittmer's status as a transgender woman places her under the protections of Title VII.
>
> *Id.* at 634 (emphasis added).

Notwithstanding this finding, Chief Judge Rosenthal granted the defendant's motion for summary judgment on the basis that Plaintiff had failed, under the *McDonnell Douglas*[2] burden-shifting rubric, to present record evidence to establish an inference of pretext for discrimination or that her protected status was another motivating factor for the adverse employment decision in that case. *Id.* at 637.

Plaintiff has appealed the decision granting summary judgment in *Wittmer*. *See Nicole Wittmer v. Phillips 66 Company*, No. 18-20251 (5th Cir., appeal filed Apr. 19, 2018). Predictably, Chief Judge Rosenthal's assumption that Title VII protects employees against

---

[2] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824 (1973).

transgender and sexual-orientation discrimination has garnered much attention, in particular from numerous *amici* who have sought and received permission to file briefs and participate in oral argument on the issue.

Oral argument in that case is scheduled for January 8, 2019. Under these circumstances, the Court finds the most prudent course of action on the Defendants' motion to dismiss in this case is to administratively stay the matter pending the outcome of the appeal in *Wittmer v. Phillips 66 Company*.

Accordingly, this case is hereby ADMINISTRATIVELY STAYED pending the outcome of the appeal in *Wittmer v. Phillips 66 Company*. Counsel for Plaintiff is directed to move to reopen the matter or, alternatively, move for a status conference within 30 days of issuance by the Fifth Circuit of a ruling in that matter.

New Orleans, Louisiana, this  28th  day of    December   , 2018.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE